IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
El DORADO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 12-1093 |
| ) | |
| $9,800.00 IN UNITED STATES CURRENCY ) | |

**<u>DEFAULT JUDGMENT OF FORFEITURE</u>**

Before the Court is a Motion for Default Judgment of Forfeiture (ECF No. 13) filed by the United States of America and.  Upon consideration, the Court finds that the relief sought by such motion has merit and should be GRANTED.  The Court further finds and adjudicates as follows:

1. The Complaint for Forfeiture *in Rem* in this matter was filed on August 17, 2012, alleging that the defendant property should be forfeited to the United States of America pursuant to 31 U.S.C. § 5317, 18 U.S.C. § 981, and 18 U.S.C. § 984.

2. Subsequently, on August 23, 2012, a copy of the Complaint for Forfeiture and Notice of Forfeiture Action was served by certified mail, return-receipt requested, upon Eddie Johnson as noted in the Affidavit of Service filed on August 27, 2012.

3. Subsequently, on August 31, 2012, a copy of the Complaint for Forfeiture and Notice of Forfeiture Action was served by certified mail, return-receipt requested, upon Torrence Thompson as noted in the Affidavit of Service filed on September 7, 2012.

4. Additionally, notice of this civil forfeiture action against the defendant currency was published for 30 consecutive days on an official Government internet site (www.forfeiture.gov) beginning on August 22, 2012, as evidenced by the Proof of

Publication filed with this court on October 2, 2012.

5. The notice informed Torrence Thompson, Eddie Johnson and any other persons or entities, known or unknown, claiming an interest in the defendant property, that the defendant property had been arrested, that this civil forfeiture action was pending, that they had at least thirty-five (35) days from receipt of notice to file a claim and twenty (20) days after filing the claim to answer. Further, for guidance in the preparation of a claim and answer, the notice referred any such persons or entities to Rule G(5) of the Supplement Rules of Admiralty and Maritime Claims, and warned that if this rule was not followed a default judgment of forfeiture would be rendered.

6. The United States of America took all reasonable measures to ensure that Torrence Thompson, Eddie Johnson, and any other possible claimant received such notice in a timely fashion. To this date, however, Torrence Thompson, Eddie Johnson nor any other person or entity has filed a claim or answer. Therefore, Torrence Thompson, Eddie Johnson and any other possible claimants are in total default, the Entry of Default made by the Clerk was entirely proper, and the United States of America is entitled to a default judgment of forfeiture, all without the necessity of any further notice to Torrence Thompson, Eddie Johnson or any other person or entity.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

A. The United States of America is hereby given a default judgment of forfeiture against the defendant property described below:

**$9,800.00 IN UNITED STATES CURRENCY**

and against the interest therein of Torrence Thompson, Eddie Johnson and any and all

persons or entities having or claiming an interest in the defendant property;

B.  Title to the defendant property is hereby vested in the United States of America and any administrative claims or interests therein of any persons or entities, including Torrence Thompson and Eddie Johnson are hereby cancelled; and

C.  The defendant property is referred to the custody of the Internal Revenue Service for disposition in accordance with law and regulations.

IT IS SO ORDERED this 31st day of January, 2013.

                                            /s/ Susan O. Hickey
                                            SUSAN O. HICKEY
                                            UNITED STATES DISTRICT JUDGE